United States District Court
Southern District of Texas
**ENTERED**
January 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LEWIS CARRIER, § <br> Plaintiff, § <br> § <br> v. § Case No. 1:17-cv-248 <br> § <br> TRICO PRODUCTS CORPORATION, § <br> Defendant. § <br> § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court are Defendant Trico Products Corporation's Motion for Summary Judgment (hereinafter, Trico's "First Motion" or "First Motion for Summary Judgment") (Dkt. No. 10) and Trico's Second Motion for Summary Judgment (hereinafter, Trico's "Second Motion") (Dkt. No. 33). For the reasons stated below, it is recommended that Trico's First Motion be **GRANTED** and that Trico's Second Motion be **DENIED AS MOOT**. It is further recommended that Plaintiff Lewis Carrier's claims be **DISMISSED** and the Clerk of Court be ordered to close this case.

I.   **Background and Procedural History**

On November 27, 2017, Carrier filed this lawsuit against Trico in County Court at Law No. 1 of Cameron County, Texas, alleging that he was terminated based on age discrimination in violation of the Texas Labor Code. Dkt. No. 1-1 at 4, 6−7. Carrier worked for Trico as a Quality Engineer in Brownsville, Texas prior to his

termination. Dkt. No. 33-2. He was over 40 years old "[a]t all material times." Dkt. No. 1-1 at 6; *see also* Dkt. No. 3 at 3. Carrier claims that four days prior to his termination, his direct supervisor asked Carrier his age and when he planned to retire. Dkt. No. 1-1 at 6; *see also* Dkt. No. 33-3 at 16–17. Carrier also alleges that his colleagues made comments about his age and length of tenure with the company. *Id.* at 20–21. Taken together, these alleged remarks form the basis of Carrier's employment discrimination claim. Pursuant to 28 U.S.C. § 1441, Trico filed a "Notice of Removal" on December 19, 2017. Dkt. No. 1. Then, on January 31, 2018, Trico filed its First Motion for Summary Judgment. Dkt. No. 10.

Noting that Carrier had filed no response to Trico's First Motion,[1] the Court issued an Order for Carrier "to file his responsive briefing, if any, by no later than June 4, 2018." Dkt. No. 13 at 1. On June 14, 2018, since Carrier still had not filed a response, the Court set the case for a hearing for Carrier to "show cause as to why his claims should not be dismissed for failure to prosecute." Dkt. No. 14 at 1. Later that same day, without complying with the Local Rules for the Southern District of Texas,[2] Carrier filed a Motion for Leave to Respond to Trico's First Motion, along with his "Response to Defendant's Motion for Final Summary Judgment" (hereinafter, Carrier's "First Response"). *See* Dkt. Nos. 15, 16. The Court nevertheless granted leave, and accepted Carrier's untimely First Response. *See* Minute Entry dated June

---

[1] More than three months elapsed during which Carrier did not file a response to Trico's First Motion.

[2] Local Rule 7.1 requires that opposed motions must "contain an averment that . . . [t]he movant has conferred with the respondent and . . . [c]ounsel cannot agree about the disposition of the motion." L.R. 7.1(D). Alternatively, if a motion is not opposed by the respondent, the motion "must bear in [its] caption 'unopposed.'" L.R. 7.2.

25, 2018 (containing the oral order granting Carrier leave to file his First Response). Trico filed a Reply to Carrier's First Response on June 21, 2018. Dkt. No. 19.

On June 26, 2018, the undersigned issued a Report and Recommendation (hereinafter, the "R&R"), recommending that Trico's First Motion be granted. Dkt. No. 20. The R&R noted that Trico had made "a prima facie showing that Plaintiff's petition was untimely, and Plaintiff ha[d] offered no competent summary judgment evidence in response." *Id*. at 8. The Texas Labor Code states that a complainant has sixty days from the receipt of his "notice of the right to file a civil action" during which to bring a civil action. TEX. LAB. CODE § 21.254. As detailed in the R&R, this provision "'requires both that the suit be filed and that service of process on the defendant be effected within the 60-day period.'" Dkt. No. 20 at 9 (quoting *Johnson v. Select Energy Servs.*, No. H-12-2390, 2013 WL 5425255 (S.D. Tex. Sept. 24, 2013)). Although the R&R ultimately recommended granting Trico's First Motion based on Carrier's failure to timely file his petition in state court, it also addressed the issue of whether service of process was timely.

The R&R noted that where "'service of citation occurs outside the sixty-day period, but the date of filing was inside the 60-day limitations period, the date of service can relate back to the date of filing if the plaintiff exercised due diligence in effectuating service upon the defendant.'" Dkt. No. 20 at 9 (quoting *Martin v. Southwest PCS, L.P.*, No. Civ. A. SA-03-CA-866, 2003 WL 22477695 (W.D. Tex. Nov. 3, 2003)). Said another way, Carrier had the burden to show he either effectuated service or exercised due diligence during the limitations period. The R&R's analysis concluded

that "even if Plaintiff had timely filed suit, the record before the Court does not evince a genuine dispute of material fact as to whether Plaintiff exercised due diligence in serving Defendant." Dkt. No. 20 at 11.

Despite being represented by attorney Daniel Vargas, Carrier filed pro se "Written Objections to the Proposed Findings" of the R&R (hereinafter, Carrier's "Objections"). Dkt. No. 21. Trico timely replied to Carrier's Objections. Dkt. No. 22. United States District Judge Rolando Olvera declined to adopt the R&R and issued an "Order of Remand," instructing the undersigned to determine whether the evidence in the record "is sufficient to avoid dismissal of Plaintiff's complaint under TEX. LABOR CODE ANN. § 21.254." Dkt. No. 23 at 3. The Order of Remand further instructed the undersigned to consider Carrier's pro se filings, as the Court assumed that "Plaintiff's counsel [would] formally file the necessary withdrawal documentation." *Id.*

Attorney Vargas then filed a "Motion for Withdrawal of Counsel." Dkt. No. 24. Because information contained in the Motion for Withdrawal was inconsistent with the record, the Court ordered the parties to appear for a hearing. Dkt. No. 26. During the hearing, Attorney Vargas orally moved to withdraw his Motion for Withdrawal, and Carrier told the Court that he wanted Attorney Vargas to continue representing him. *See* Minute Entry dated August 17, 2018. Trico did not object. *Id.* The Court granted the withdrawal of the Motion for Withdrawal, and granted Carrier leave to amend the Complaint or supplement his response to Trico's First Motion. Dkt. No. 28. Because Attorney Vargas remained Carrier's counsel of record without interruption, and because parties do "not have the right to a hybrid representation,

in which [the party] conducts a portion of the trial and counsel conducts the balance," the Court struck Carrier's pro se Objections from the record. Dkt. No. 32; *United States v. Norris*, 780 F.2d 1270, 1211 (5th Cir. 1986).

Carrier, through counsel, then filed a "Supplemental Response to Defendant's Motion for Final Summary Judgment" (hereinafter, Carrier's "Supplemental First Response"). Dkt. No. 29. The Supplemental First Response closely tracked Carrier's First Response, but included exhibits that had not been previously filed with the Court. Trico filed a Reply in support of its First Motion, reiterating Carrier's failure to meet his burden of demonstrating that he exercised due diligence in effectuating service during the limitations period. Dkt. No. 30.

Trico then filed its "Second Motion for Summary Judgment" (hereinafter, Trico's "Second Motion"). Dkt. No. 33. Trico's Second Motion contends that Carrier has not raised a genuine issue of material fact entitling him to relief on the substance of his employment discrimination claims. Carrier filed a "Response to Defendant's Second Motion for Final Summary Judgment" (hereinafter, Carrier's "Second Response") citing to Carrier's deposition testimony to refute large portions of Trico's Second Motion. Dkt. No. 35. These filings are addressed below, although not in the order presented.

## II. Legal Standard

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 91 L. Ed. 2d 265 (1986); *accord Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). A court shall grant summary judgment if the movant demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). A fact is material if its resolution could affect the outcome of the action, and a disputed material fact is genuine if the evidence is such

that a reasonable jury could return a verdict for the non-moving party. *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In deciding whether a genuine issue of material fact exists, the facts are viewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412–13). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not satisfied by mere reliance on the allegations or denials in its pleadings. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994). Likewise, conclusory statements, speculation, and unsubstantiated assertions do not defeat a motion for summary judgment. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

Neither can a party defeat summary judgment with "'only a scintilla of evidence.'" *Delta & Pine Land Co.*, 530 F.3d at 399 (quoting *Little*, 37 F.3d at 1075). Rather, a party must support any assertion that a fact cannot be or is genuinely disputed by "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). This, however, "'does not impose a duty upon the court to sift through a record in search of evidence to support a party's opposition to summary judgment.'" *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (quoting *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

If the non-movant fails to refer to evidence in the record in response to the motion for summary judgment, even if it exists, that evidence is not properly before the district court. *Malacara*, 353 F.3d at 405. In the absence of proof, the court will not assume that the non-movant could or would prove a necessary fact. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Rather, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may "(2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." FED. R. CIV. P. 56(e).

### III. Discussion

*1. Trico's First Motion for Summary Judgment*

In its First Motion, Trico contends that Carrier failed to both file suit and effect service within sixty days of receiving his Right to Sue letter from the Texas Workforce Commission's Civil Rights Division ("TWC-CRD"). Dkt. No. 10 at 2–3. Thus, Trico argues, it is entitled to summary judgment because Carrier's claims are barred by the statute of limitations. *Id.*

Chapter 21 of the Texas Labor Code provides a private right of action for individuals who believe they have been discriminated against by their employers on the basis of "race, color, disability, religion, sex, national origin, or age." TEX. LAB. CODE § 21.051. That chapter also sets out procedures that a complainant must follow during the administrative hearings before the TWC-CRD, prior to filing suit in court. *See* TEX. LAB. CODE §§ 21.201–.211 (describing the administrative review process); *see also Univ. of Texas M.D. Anderson Cancer Ctr. v. Eltonsy*, 451 S.W.3d 478 (Tex. App. 2014) (finding no jurisdiction over employment discrimination claims because complainant failed to raise those same claims during administrative hearings). At the conclusion of the administrative process, the TWC-CRD may choose to issue a "notice of the right to file a civil action," sometimes called a "right to sue" letter. *See* TEX. LAB. CODE §§ 21.208, 21.254. If a complainant wishes to "bring a civil action against the respondent," he or she must do so "[w]ithin 60 days after the date a notice of the right to file a civil action is received." TEX. LAB. CODE § 21.254. Texas courts interpreting this language note that "'bringing suit' within a limitation period involves both filing a petition within the applicable time period and exercising due diligence in serving the defendant with citation." *Texas Health & Human Servs.*

*Comm'n v. Olguin*, 521 S.W.3d 403, 409 (Tex. App.—Austin 2017) (citing *Zamora v. Tarrant Cty. Hosp. Dist.*, 510 S.W.3d 584, 591 (Tex. App.—El Paso, pet. denied). If the complainant fails to file suit and serve the respondent within the 60-day period, his or her claims are subject to dismissal. *Phillips v. United Parcel Serv.*, No. 3:10–CV–1197–G–BH, 2011 WL 2680725, at *4−5 (N.D. Tex. June 21, 2011), *adopted by* 2011 WL 2678949 (N.D. Tex. Jul. 8, 2011); *see also Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 754 (S.D. Tex. 2001).

Section 21.254 does "not requir[e] actual service of process . . . within that sixty-day period in order to preserve [the plaintiff's] right to judicial review—so long as [the plaintiff] exercised due diligence in effecting service." *Zamora*, 510 S.W.3d at 591. "If reasonable diligence is exercised, effective service may be made after the applicable limitations period, with the date of service relating back to the date that the petition was filed." *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 744 (Tex. App.—Texarkana 2008) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)).

Typically, whether a plaintiff exercised due diligence is a question of fact; however, it may be resolved as a matter of law where "no valid excuse exists for the delay or if the lapse of time and the plaintiff's actions, or inaction, conclusively negate diligence." *Tranter v. Duemling*, 129 S.W.3d 257, 259 (Tex. App.—El Paso 2004, no pet.); *see also Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex. App.—San Antonio 2001, pet. denied). "Unexplained lapses of time between filing of the suit, issuance of citation, and service of process may be sufficient to conclusively establish lack of

diligence.'" *Zamora*, 510 S.W.3d at 591 (quoting *Cooper v. Balderas*, No. 08-00-00076-CV, 2001 WL 925772, at *1 (Tex. App.—El Paso Aug. 16, 2001, pet. denied)).

The TWC-CRD issued Carrier's right to sue letter on September 21, 2017. Dkt. No. 10-1 at 5. He received that letter on September 25, 2017. *Id.* at 6. Under Texas Labor Code § 21.254, Carrier had until November 24, 2017 to bring a civil action against Trico. Although the date that Carrier filed suit was initially disputed by the parties, Carrier has since submitted a "copy of a print out from efile.txcourts.gov wherein which the Original Petition was filed in Cameron County." Dkt. No. 29-2 (document description); Dkt. No. 29-3 (document itself). Under "Envelope Information," the "Submitted Date" is listed as "11/24/2017 2:58 PM CST." Dkt. No. 29-3 at 1. Because Texas Rule of Civil Procedure 21(f)(5) states that "[a]n electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider," Carrier's petition was timely submitted to the state court within the sixty-day limitations period. TEX. R. CIV. P. 21(f)(5); *see also* TEX. LAB. CODE § 21.254.

However, as previously noted, Texas courts interpret "bringing suit" within the Texas Labor Code's limitations period to require both (1) filing with the court and (2) effecting service of process—or demonstrating due diligence in effecting service of process—during the statutory timeframe. *Garcia v. Aramark Correctional Servs., Inc.*, No. 3:07-CV-00444, 2008 WL 7627809, at *2 (S.D. Tex. 2008); *Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 WL 21508782, at *2 (Tex. App.—Dallas 2003, pet. denied); *Roberts v. Padre Island Brewing Co., Inc.*, 28 S.W.3d 618, 620−21 (Tex.

App.—Corpus Christi 2000, pet. denied); *Tarrant Cnty. v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied). Due diligence can be negated as a matter of law where the plaintiff fails to provide an explanation for the lapse in time between filing with the court and effecting service. *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144 (Tex. App.—El Paso 2010); *Tranter v. Duemling*, 129 S.W.3d 257, 259–60 (Tex. App.—El Paso 2004) (noting that the question of whether the plaintiff exercised diligence "may be determined as a matter of law only if no valid excuse exists for the delay or if the lapse of time and the plaintiff's actions, or inaction, conclusively negate diligence"); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999).

Here, Carrier does not provide the Court with a reason for his delay in effectuating service of process. While his Petition was electronically filed on November 24, he admits that he did not obtain an issuance of citation until three days later, on November 27. Dkt. No. 29 at 2. Further, Carrier admits that service was not returned until December 6, 2017. *Id.* While he claims to have "immediately request[ed] service through the District Clerks by certified mail, at the time of filing the petition," he does not provide any evidence to this effect. *Id.* Nearly ten months have elapsed since Trico first raised the issue of timely filing and service in this matter. *See* Dkt. No. 10 (filed on January 31, 2018). The Court has provided Carrier multiple opportunities to submit adequate documentation explaining his delays in effecting service of process. Dkt. No. 13 (ordering Carrier to file a responsive briefing to Trico's First Motion); Dkt. No. 14 (setting a hearing at which Carrier would be

required to show cause as to why his claims should not be dismissed); *See* Minute Entry Dated June 25, 2018 (granting Carrier's request for leave to file an out-of-time reply to Trico's First Motion); Dkt. No. 23 (referring the case back to the undersigned for re-consideration in light of possible new information); Dkt. No. 28 (granting Carrier leave to amend his Petition or otherwise supplement his response to Trico's First Motion). Carrier has failed to raise a genuine issue of material fact regarding the timely filing and service of his Petition. His continued failure to do so entitles Trico to summary judgment as a matter of law on this issue.

### *2. Trico's Second Motion for Summary Judgment*

Trico filed its Second Motion addressing the merits of Carrier's wrongful termination claim. Dkt. No. 33. In its Second Motion, Trico argues that Carrier was not fired due to his age, but rather that his "termination was based on facially-neutral, uniformly enforced and objective criteria[.]" *Id.* at 1. In support, Trico cites to Carrier's performance evaluations in the years prior to his termination as compared with all other quality engineers at the Brownsville, Texas location. *Id.* at 2; *see also* Dkt. No. 33-2 at 1–3 (summarizing performance evaluations for all of Trico's Brownsville Plant quality engineers for 2014, 2015, and 2016). Thus, even if Carrier were able to show that he exercised due diligence in effectuating service, Trico argues it is still entitled to summary judgment because Carrier has failed to show that Trico's proffered reasons for firing him were pretext.

The Texas Supreme Court has held that "[t]o establish a violation of the [Texas Commission on Human Rights Act], a plaintiff must show that he or she was (1) a

member of the class protected by the Act, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) treated less favorably than similarly situated members of the opposing class." *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008); *see also Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005). In establishing a prima facie case, the plaintiff may provide either direct or circumstantial evidence of discrimination. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 781–82 (Tex. 2018); *Harris Cnty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 195–96 (Tex. App.—Houston 2015). If the plaintiff relies on circumstantial evidence of discrimination, then the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action taken. The burden then returns to the plaintiff, who must show that the reason provided by the defendant was either untrue or mere pretext for an unlawful motive. *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 769; *Harris Cnty. Hosp. Dist.*, 484 S.W.3d at 196.

      Carrier has not established a prima facie case of employment discrimination. The first three elements of Carrier's prima facie case are relatively undisputed; however, he has failed to show that he was "treated less favorably than similarly situated members of the opposing class." *AutoZone, Inc.*, 272 S.W.3d at 592. As circumstantial evidence to support his age discrimination claim, Carrier alleges that he "was asked by his direct supervisor, when he was planning on retiring." Dkt. No. 1-1 at 6. He also references remarks made by his colleagues throughout his time at Trico that alluded to his age. Dkt. No. 33-3 at 20–21.

However, "statements and remarks may serve as evidence of discrimination only if they are '(1) related to the employee's protected class, (2) close in time to the employment decision, (3) made by an individual with authority over the employment decision, and (4) related to the employment decision at issue.'" *Lopez v. Exxon Mobil Development Co.*, No. 14-16-00826-CV, 2017 WL 4018359, at *9 (Tex. App.—Houston 2017) (citing *AutoZone*, 701 S.W.3d at 593). Under the *AutoZone* test, statements made by Carrier's coworkers do not defeat Trico's entitlement to summary judgment. Even after months of discovery and the opportunity to amend his Petition, Carrier does not demonstrate that any of the Trico employees who he alleges made remarks about his age had any authority over the decision to terminate him. He does not provide any evidence linking the alleged comments to his termination, other than personal belief and speculation. Accordingly, his assertions fail to establish a prima facie case in support of his claims.

Even if Carrier had been able to establish a prima facie case of age discrimination, Trico would have the opportunity to offer a legitimate reason for his termination. Trico has done so, citing to evidence that Carrier had the lowest performance evaluations in his department for the three years prior to his termination. Dkt. No. 33-2. In addition, Trico has explained that Carrier was terminated as part of a reduction in force due to changing financial conditions. *Id.* at 1–3. Carrier has not refuted these claims, nor has he made a showing that Trico's explanations were mere pretext for an underlying, discriminatory motive.

In sum, Carrier has not plead a prima facie case, and Trico is entitled to summary judgment. Even assuming, arguendo, that Carrier did meet his prima facie burden, he has presented no triable issue showing that Trico's proffered reason for termination was mere pretext. Thus, Trico's Second Motion is rendered moot by the granting of its First Motion; alternatively, Trico's Second Motion should be **GRANTED**.

## IV. Recommendation

For the reasons stated above, it is recommended that the Defendant's First Motion for Summary Judgment (Dkt. No. 10) be **GRANTED**, and Trico's Second Motion for Summary Judgment (Dkt. No. 33) be **DENIED AS MOOT**. In the alternative, if the Court finds that Carrier has either met his burden to show he exercised due diligence in serving his Petition within the limitations period or created a genuine factual dispute on this issue, then it is recommended that Trico's Second Motion for Summary Judgment (Dkt. No. 33) be **GRANTED**. It is further recommended that Carrier's claims be **DISMISSED** and the Clerk of Court be ordered to close this case.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED on this 8th day of January, 2019, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**